### JOHN SCHMIDT vs. STATE OF MISSOURI.

1. Where a person acts as the clerk or agent of another in selling spiritous liquors for him if his employer has no license authorizing him to sell, either may be indicted.

2. Upon the trial of an indictment for selling liquor without license, if the defendant has a license, it devolves upon him to produce it.

## APPEAL from St. Louis Criminal Court.

LACKLAND, for the State.

I. If the defendant sold by his clerk or agent, he is liable as well as the clerk. Hays vs. the State, decided at the last May term of this court.

II. Nor did the court err in instructing the jury that it was incumbent upon the defendant to produce his license to sell, and in default thereof they must find that he had no license authorizing him to sell. Wheat vs. the State, 6 Mo. 455.

The action of the court below touching the question of evidence cannot be reversed by this court, because the evidence is not preserved.

The court rightfully overruled the motion in arrest. The indictment is good. It is not bad for duplicity. State vs. Presbury, 13 Mo. 345.

RYLAND, J., delivered the opinion of the court.

This case presents the instructions given below for our adjudication.

The evidence is not saved nor presented to us. We presume the evidence justified the court in giving the instructions: if so, we must believe there was proof that the clerk of the defendant by his directions and under his control and employment sold the intoxicating or spiritous liquors mentioned in the indictment, and that there was no license to the defendant authorizing him to sell, &c.

We find no fault with the instructions given. The grand jury might indict either the master or the clerk, and having indicted the master, it shall not avail him to say his clerk sold the liquors at his grocery under his control and direction.

If this could avail the employer, he would only have to employ a clerk, irresponsible in a pecuniary point of view, and there he might carry on this demoralizing and pauper-making business without license and in defiance of law.

We think he should suffer for the acts he makes and directs his servant to perform. It is his duty to produce his license; having failed to do so, let him pay the penalty.

Judgment affirmed.