STATE OF MISSOURI, Respondent, v. C. P. WILSON, Appellant.

St. Louis Court of Appeals, January 21, 1890.

1. **Evidence : BURDEN OF PROOF.** In a criminal action charging the defendant with selling intoxicating liquors without proper license, the burden is upon the defendant to produce or prove the license, if he had one.

2. **Practice, Appellate : JUDICIAL NOTICE.** This court cannot, with respect to a motion to consolidate the action at bar with other actions, take judicial cognizance of the pendency of such other actions, and the overruling of such motion by the trial court cannot be reviewed on appeal, unless the facts warranting the motion are shown by the record.

*Appeal from the Butler Circuit Court.*—HON. J. G. WEAR, Judge.

AFFIRMED.

*J. C. Sheppard* and *C. D. Yancey,* for the appellant.

The defendant was under no obligation himself to offer a license in evidence, or himself to show a state of facts existing at the time alleged, that would exonerate him from the crime laid to his charge. The defendant may not be required to testify. R. S. 1889, sec. 1919; *State v. Cohn,* 9 Nevada, 179; *Brandon v. The People,* 42 N. Y. 265; *State v. Clinton,* 67 Mo. 380-92. The verdict was not supported by the testimony, and the evidence was not sufficient to warrant the finding of the jury.

BIGGS, J., delivered the opinion of the court.

The defendant was indicted, tried and convicted in the circuit court of Butler county for selling intoxicating liquors in less quantities than one gallon, without

The State v. Wilson.

having a license as a dramshop keeper or any other legal authority to sell the same. The case was tried by a jury; the defendant was found guilty of the charge, and his fine was assessed at the sum of one hundred and fifty dollars.

The court instructed the jury that, if the defendant had a dramshop license, it was his duty to produce or prove it. This, the defendant claims, was error.

The instruction was proper, and announced the correct rule. *State v. Edwards*, 60 Mo. 490; *Schmidt v. State*, 14 Mo. 137; *Wheat v. State*, 6 Mo. 455. If the defendant had a license it was a matter peculiarly within his knowledge, and, if he relied on it as a defense, he should have produced it. The general rule is, that, when " the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party." 1 Greenleaf on Evidence [14 Ed.] sec. 79.

It appears from the record that the defendant, by motion, asked the court to consolidate this cause, for the purposes of trial, with several other actions of a similar nature against him, which he alleged were then pending in the circuit court of Butler county. The court overruled the motion, and the defendant excepted. This motion was not accompanied by proof of the facts therein alleged, and it is not possible for us to take judicial notice of the fact that there were other indictments against the defendant charging him with other like offenses. It was the duty of the defendant to support this motion by the necessary proof. In the absence of such evidence, we cannot review the action of the court in overruling the motion.

The judgment in this case is well sustained by the evidence, and we have found no error in the proceedings which would authorize its reversal. The other judges concurring, the judgment of the circuit court will be affirmed.