STATE OF MISSOURI, Respondent, v. POWELL WILSON, Appellant.

St. Louis Court of Appeals, February 4, 1890.

1. **Criminal Law:** MATERIALITY OF DATE OF OFFENSE CHARGED. While the date on which an offense is charged to have been committed is generally immaterial, the rule is not without exception, and it is material when there are two or more separate indictments against the same defendant for similar offenses, all tried and prosecuted to final judgment, and the only feature distinguishing the offenses charged is the difference in the dates at which the offenses are charged to have been committed.

2. ———: PRACTICE IN CASE OF A NUMBER OF SIMILAR OFFENSES. When a person is to be indicted at the same term of court for successive violations of the statute prohibiting the sale of intoxicating liquors without license, the better practice is to present an indictment with a separate count for each offense, and distinguish the different charges in the several counts by averment of dates and other matter of specification.

3. ———: INSTRUCTIONS BASED ON MATTER OF CONJECTURE MERELY. An instruction based wholly on matter of conjecture is not warranted, and is erroneous.

*Appeal from the Butler Circuit Court.*—HON. J. F. LANE, Special Judge.

REVERSED (*and defendant discharged*).

*C. D. Yancey* and *J. C. Sheppard*, for the appellant.

*R. F. Scott*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court. The defendant was indicted for the offense of selling intoxicating liquors in less quantities than one gallon without having a legal license so to do. He was convicted, and assigns for error, on this appeal, that the

verdict is not supported by the evidence, and that the court misdirected the jury by its instructions.

The indictment charged the defendant with a sale of intoxicating liquor made on the fifth day of November, 1888. When witnesses for the state were examined, the defendant's counsel moved that their testimony be confined to the day laid in the indictment. This motion the court overruled, and permitted the witnesses to testify as to sales made at any time between the date of the indictment, and one year next preceding. It appeared, by the cross-examination of these witnesses, that they had testified on former trials of the same defendant for similar offenses; that their testimony on this trial and the former trials was substantially the same; that, while they testified both on this and the former trials to sales made within the period of one year, they could not testify to sales made on any specific day; and that they could not state that any sale was made to them, or either of them, on the fifth day of November, 1888, the day laid in the indictment.

The defendant read in evidence three other indictments for similar offenses, preferred by the grand jury of Butler county against the same defendant, at the same term of court, said indictments respectively charging the defendant with having committed the offenses on October 10, October 30 and November 6, in the same year. The defendant also read in evidence record entries showing that the defendant had been convicted on two of these indictments, and acquitted on the third.

This being all the evidence in the case, we cannot see how this conviction can be supported. We concede that the date, on which the alleged offense was committed, is generally immaterial, and that proof that the offense was committed within one year before the finding of the indictment will suffice, although such proof does show that the offense was committed on some other day than the day mentioned in the indictment.

But the general rule is inapplicable to cases where the offender has been tried for the same offense, on other indictments covering the same period, and where the exact date is the only distinguishing feature between one indictment and another. We had occasion to refer to this in *Town of Kirkwood v. Autenreith*, 21 Mo. App. 75. Were the rule otherwise, a defendant might be convicted any number of times for the same offense.

The trial court in its instructions to the jury recognized this fact, and, among others, gave them the following instruction:

"The court instructs the jury that a person may not be twice put in jeopardy, or twice tried for the same offense, and, although you may believe from the evidence that the defendant sold whiskey and beer in less quantities than one gallon, within the dates testified to by the witnesses, yet, if you believe the sales made within those dates were the same sales as the one testified to as having been made in another or other dates against this defendant, heretofore tried in this court, for which the defendant has been convicted or acquitted, then you should acquit the defendant in this case."

This instruction, in an appropriate case made by the evidence, would have been right enough. In this case, however, it had no office whatever to perform. There is absolutely nothing in the record showing, or tending to show, that the witnesses for the state who testified in this case testified to other or different offenses than those under investigation in former cases. On the contrary, both of them testified that their testimony on this trial was a mere duplicate of their testimony on former trials. The result at which the jury arrived, if they understood and followed this instruction at all, was, therefore, necessarily based on mere conjecture, and not on evidence, and a verdict having no other support than conjecture is illegal both in civil and criminal cases.

When one is to be indicted at the same term of court for successive violations of the statute prohibiting the sale of intoxicating liquors without license, the better practice is to present one indictment, with a separate count for each offense. By distinguishing the offenses from each other by date, or name of the person to whom the liquor is sold, or in any other intelligent manner, there should be no difficulty of convicting the offender of each offense. This will avoid the suspension or quashing of the indictment first found under the provisions of section 1808 of the Revised Statutes, 1879, and will not subject the verdict to the charge of illegality on the ground that the defendant has been twice put in jeopardy for the same offense.

Judgment reversed and the defendant discharged. All the judges concur.