The State v. Geise.

STATE OF MISSOURI, Respondent, v. HENRY GEISE,
Appellant.

St. Louis Court of Appeals, February 4, 1890.

1.  **Practice, Appellate:** WEIGHING THE EVIDENCE. This court will
not weigh the evidence in a criminal case, when the verdict in the
trial court is supported by substantial evidence.

2.  **Evidence:** BURDEN OF PROOF. The defendant in a criminal pro-
ceeding for the sale of liquors without license has the burden of
proving the license, if there was one.

3.  **Criminal Law:** PRACTICE. If two persons be jointly indicted,
and one is acquitted and the other convicted, the propriety of an
instruction, which affects only the one who is acquitted, is irrele-
vant upon an appeal by the other.

*Appeal from the Butler Circuit Court.*—HON. JOHN G.
WEAR, Judge.

AFFIRMED.

*J. C. Sheppard* and *C. D. Yancey,* for the appellant.

*R. F. Scott,* for the respondent.

THOMPSON, J., delivered the opinion of the court.

Henry Geise was jointly indicted with one Black-
stone for selling intoxicating liquor on the fifth day of
November, 1888, in the county of Butler, in less quan-
tity than one gallon, without having taken out a license
as a dramshop keeper or any other legal authority to
sell the same. Blackstone was acquitted, but Geise
was convicted and appeals to this court.

I. The assignment of error that the motion for new trial should have been sustained, because the verdict of the jury was against the evidence presented at the trial, and against the weight of the evidence, was a proper argument to make to the trial court on the motion for a new trial, but, in the state of the record, is not properly addressed to this court; for we find, on looking through the record, that there was substantial evidence tending to show that intoxicating liquor, whiskey or beer was sold by the defendant Geise on the fifth of November, 1888, in Butler county; and we cannot consider the weight of the evidence, nor direct a new trial because of the further fact that witnesses for the defendant testified in positive terms that the saloon was shut up on that day. So much of the argument as is addressed to discrepancies, in respect of dates in the testimony of witnesses for the state, is merely an argument on the weight of the evidence, and is not properly addressed to this court.

II. Error is assigned upon the giving of the following instruction : "It is not the duty of the state to prove to you that the defendants had no license as a dramshop keeper. The defendants must prove the fact that they had a license as a dramshop keeper, if they had one; and unless they have established such fact, you may presume they had no such license as dramshop keeper." The rule in this state, in criminal prosecutions for selling liquors without a license, is that the existence of the license must be proved by the party claiming its protection. *State v. Lipscomb*, 52 Mo. 32; *City of Kansas v. Muhlback*, 68 Mo. 640. Nor is it a sound argument that this instruction *directs the jury to presume* that the defendant had no license. It merely tells them that they *may* so presume, and such we understand to be the law.

III. Error is assigned upon the giving of the following instruction : " If you find, from the evidence, that liquor was sold, in less quantity than one gallon,

upon the premises of the defendant Blackstone, at any time within one year next before the filing of the indictment, by a person in defendant Blackstone's employ, you should find defendant Blackstone guilty, unless you further find that such sale was made contrary to orders of defendant Blackstone and without his knowledge or consent. The burden of proof that such orders were given in good faith, and that defendant Blackstone had no knowledge of their violation, is upon the defendant Blackstone.'' The evidence showed that Blackstone was the owner of the premises, and that Geise was an employe of the keeper of the saloon. As this instruction is directed entirely to the question of the guilt of the defendant Blackstone, and as the jury acquitted him, any argument directed to the question of the propriety of giving it is irrelevant. There is nothing in it that was prejudicial to the defendant Geise, as it did not refer to him at all. Even if it could be supposed that Geise might have been prejudiced by the fact that in this instruction the word " liquor " was used, instead of " intoxicating liquor," it should be observed that the first instruction, in which the court stated the offense, used the words "intoxicating liquors," and the use of the word " liquor " in this instruction could not be understood by the jury as meaning other than intoxicating liquor.

The judgment will be affirmed. All the judges concur.