THE STATE OF MISSOURI, Respondent, v. G. I. STEPHENS, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Criminal Law**: SELLING LIQUOR: EVIDENCE OF SEVERAL SALES. On the trial of an indictment in one count for selling liquor, evidence may be given of several sales within a year prior to the finding of the indictment and the prosecution can not be required to elect on which charge it will proceed. Cases reviewed. ◆

2. ———: ———: SEVERAL OFFENSES: FORMER CONVICTION: PROCEDURE. Where on a trial of an indictment on one count for selling liquor evidence of several sales within a year is introduced and a conviction is had and the defendant is put upon his trial upon another indictment in one count, the same sales offered in evidence on the former trial can not be received to prove the sales alleged in the latter indictments, but proofs of other sales must be introduced to warrant a conviction; and the better practice, where one is indicted at the same term for successive violations of the statute, would be to present one indictment with a separate count for each offense.

3. Trial Practice: COURT INTERROGATING WITNESS. The court has a right to interrogate a witness if it deem it necessary to the full developments of the facts bearing on the case.

4. ———: EVIDENCE: HARMLESS ERROR. In this case though the court refused to allow an answer to a question which tended to prove that a certain sale was of more than three gallons, yet such ruling was harmless error since there was abundant competent evidence to prove defendant's guilt.

5. ———: INSTRUCTION: GOOD FAITH OF SALE. It is a question for the jury to say whether a sale was a device to evade the law or a lawful disposition of the liquor and an instruction submitting such question to the jury is proper since courts do not permit the law to be circumvented by artifice.

6. Criminal Law: SELLING LIQUOR: SUBMITTING QUESTION OF LICENSE. In an indictment for selling liquor the burden is on the defendant to prove his license since it is a matter peculiar within his own knowledge, though the court may well submit, even though there be no evidence of license, the question to the jury.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*Shelley Grover* for appellant.

(1) An indictment for a misdemeanor (or felony) which contains but one count, can charge but one offense. Bishop's New Criminal Procedure, sec. 432; also, secs. 459, 460; *State v. Bach*, 25 Mo. App. 554, 557; *State v. Clevenger*, 20 Mo. App. 626, *loc. cit.* 628; *State v. Andrews*, 27 Mo. 267; *State v. Wilson*, 39 Mo.

App. 184; R. S. 1889, secs. 2058, 4221. English Cases: *The King v. Roberts*, 4 Modern *101, *103, and numerous other American and English cases. (2) The introduction of evidence of two offenses, in a trial upon an indictment containing but one count, and the submission to the jury of the two offenses for their consideration and deliberation and telling them in the instructions that they may convict the defendant of either of such offenses is, necessarily, "proceeding against," "prosecuting," "holding to answer for a criminal offense," and "trying" the defendant for one of such offenses, without an indictment or information, without informing him of the nature and cause of one of such offenses, and is depriving the defendant of his liberty (or property in case of a fine) without due process of law, in violation of sections 12, 22, and 30, of article 2, of the constitution of the state of Missouri. *State v. Brooks*, 33 Kan. 708, *loc. cit.* 713, 714, 712; *Elam v. State*, 26 Ala. 48, *loc. cit.* 49; *Commonwealth v. Dean*, 109 Mass. 349, *loc. cit.* 352; *Commonwealth v. Blood*, 4 Gray, 31, *loc. cit.* 32, 33; *Howland v. State*, New Jersey Supreme Court (1895), 33 Atl. Rep. 257; *Lebkovitz v. State*, 113 Ind. 26; *Boldt v. State*, 72 Wis. 7, 8, 13 to 26; 1 Bishop's New Criminal Procedure, secs. 459, 460, 461, 462, also, secs. 442, 443; Black on Intoxicating Liquors, sec. 505; *Murphy v. State*, 9 Lea (Tenn.), 373, 376, 377; *State v. Whisner*, 35 Kan. 271; *State v. Lawson*, 45 Kan. 339; Wharton's Crim. Ev. [8 Ed.], sec. 97; 2 Wharton's Crim. Law [8 Ed.], 1511. American cases: *Elam v. State, supra; Richardson v. State*, 63 Ind. 192; *People v. Jenness*, 5 Mich. 305, 327, 328, 329; *Fields v. Wyoming*, 1 Wy. 78; *Lovell v. State*, 12 Ind. 18; *State v. Bates*, 10 Conn. 372; *People v. Hopson*, 1 Denio, 574, 577; *People v. Clark*, 33 Mich. 112–115; *People v. Schweitzer*, 23 Mich. 304; Black on Intoxicating Liquors, sec.

505. English cases: *Stante v. Prickett*, 1 Campbell, N. P. 473; *Rex v. Birdseye*, 4 C. & P. 386; *State v. Fierline*, 19 Mo. 380; *Hughes v. State*, 35 Ala. 351–362; *Hodgman v. People*, 4 Denio, 235; *Cochran v. State*, 30 Ala. 542; *Stockwell v. State*, 27 Ohio St. 563; *State v. Cummins*, 31 Kan. 376, *loc. cit.* 379, 380; *Barton v. State*, 18 Ohio Rep. 221; *Commonwealth v. Giles*, 1 Gray, 466; *Smith v. State*, 52 Ala. 384; 2 Greenleaf on Evidence [4 Ed.], sec. 86; *State v. Haltschuher*, 72 Iowa, 541, 543, 545; *Tompkins v. State*, 17 Ga. 356; *Commonwealth v. Elwell*, 1 Gray, 463; *Kinchelow v. State*, 5 Humph. (Tenn.) 9. See, also, English cases: *Rex v. Cole*, 1 Russ C. & M. 939; 2 Leach, 708; 2 East's P. C. 519; *Gillon v. Wilson*, 3 T. B. Monroe, (Ky.) *216, *217; *Meade v. Smith*, 16 Conn. 346, 353; *Brooks v. Blackwell*, 76 Mo. 309; *Stante v. Prickett, supra;* Roscoe's Crim. Ev. [4 Am. from 3 London Ed.], by T. C. Granger, Esq. *81; 2 Russell on Crimes, by Graves [7 Am. from 3 London Ed.], *772, *773. (3) In criminal cases "the necessity is stronger, if possible, than in civil cases, of strictly enforcing this rule." (4) A defendant in a criminal case can be informed of "the nature and cause of the accusation" against him only by means of an indictment (or information); and "there can be neither indictment nor information except in writing, which to justify the whole punishment must specify the whole crime." *State v. Terry,* 109 Mo. 601, *loc. cit.* 616, affirmed in *State v. Levy,* 119 Mo. 434; 1 Bishop's New Criminal Procedure, secs. 459, 460; *Hodgman v. The People, supra; Rex v. Gordon,* 1 Cox, C. C. 259; *Stockwell v. State, supra.* The "nature" and "cause" of the accusation must be set out in the indictment. In this connection let it be noted that it is error to submit to a jury in any case, civil or criminal, an issue either that is not made by the pleadings or concerning which there is no allegation. *State v.*

*West*, 21 Mo. App. 309; *Brooks v. Blackwell*, 76 Mo. 309; *Kenney v. R. R.*, 70 Mo. 252; Wharton's Crim. Pl. and Pr. [8 Ed.], sec. 290. Hence it follows that but one sale could lawfully have been submitted to the jury in this case. *State v. Sharp*, 106 Mo. 106; *State v. Lewis*, 118 Mo. 79. (5) Every error is presumed to be prejudicial until the contrary appears; and it devolves upon the party asserting that the error was not prejudicial to show conclusively and beyond all doubt that the error was not prejudicial. *State v. Taylor*, 118 Mo. 153, *loc. cit.* 161. (6) We are entitled to record evidence of the individuality of the crime of which Stephens was convicted, when we demand it during the trial and in proper time and manner, which we did in this case, and to deny it is to destroy the greatest safeguards of human liberty. *State v. Terry*, 109 Mo. *loc. cit.* 618, twenty-fifth line, and also the entire page; *State v. Crooker*, 95 Mo. *loc. cit.* 393. And see, generally, 1 Bishop's New Crim. Proc., secs. 1341, 1347, 1355, 825, 826, 125, 885. (7) The court erred in assailing the witness Henry Kirtman, who was introduced by defendant. This assailing took place while defendant's counsel was conducting his re-direct examination of the witness, and consisted in the court's interposing as follows. *Rickerson v. State*, 78 Ga. 15; *Cronkhite v. Dickson*, 51 Mich. 177; *Mullinur v. Bronson*, 114 Ill. 510, 514; *Lycon v. People*, 107 Ill. 423, 428.

*Francis M. Wilson* for respondent.

(1) There was no error in the court permitting witnesses, Male and Taylor, to testify to several separate and distinct sales of intoxicating liquor by defendant at different times within one year, prior to the filing of this indictment. *State v. Heinze*, 45 Mo. App.

411; *State v. Small*, 31 Mo. 196. (2) An inspection of the record will disclose that the court did not conduct itself in an unbecoming manner in the examination of the witness, Kertman. There can be no doubt of the right of a trial judge to interrogate a witness if he deems it necessary to supply some omitted and legitimate question, or to fully develop the facts bearing on the case. Whart. Crim. Ev., sec. 542, and cases cited; 92 Mo. 310. (3) The state was not required to prove that the defendant had a license. The *onus* of so doing is cast on the party accused in such cases. If defendant had a license, it was a matter particularly within his own knowledge, and if he relied upon it as a defense he should have produced it. *Schmidt v. State*, 14 Mo. 137; *Wheat v. State*, 6 Mo. 455; *State v. Edwards*, 61 Mo. 491; *State v. Lipscomb*, 52 Mo. 32; *State v. Harper*, 58 Mo. 530; *State v. Wilson*, 39 Mo. App. 114; *State v. Geise*, 39 Mo. App. 189; 1 Greenlf. Ev. [14 Ed.], sec. 74; *State v. Finn*, 38 Mo. App. 508.

SMITH, P. J.—The defendant appeals from a judgment against him on an indictment containing but a single count and which charged that he, the defendant, on, etc., at, etc., "did unlawfully sell intoxicating liquors in less quantities than three gallons, to wit: One pint of whisky, one pint of brandy, one pint of gin, one pint of wine, and one pint of lager beer, without taking out or having a license as a dramshop keeper, or any other legal authority to sell the same, against the peace and dignity of the state."

At the trial the state gave evidence to the jury tending to show that the defendant within one year next before the finding of the indictment at the county of Platte, sold beer, whisky, and wine by the drink and by the bottle to various persons at various times. To

CRIMINAL law: selling liquor: evidence of several sales.

the introduction of this evidence the defendant objected for the reason that since the indictment charges but one offense it was therefore improper to admit evidence in support thereof of two or more offenses.

In *State v. Heinze*, 45 Mo. App. 403, it was distinctly ruled, upon the authority of the various decisions of the supreme court of this state therein referred to, that in misdemeanors, whether several offenses are charged in one count or in several counts of an indictment or information, that it is a proper practice to receive evidence of such several offenses so charged and that the prosecutor can not be required to elect on which charge he will proceed. In that case the information contained but one count wherein the charge was precisely the same as that in the present indictment, and it was further said by us in the course of the opinion that: "Under the charge in the information the prosecution was authorized to prove a sale of all or any of the intoxicants therein described, on any day within the term prescribed by the statute of limitations, and that within such period it was proper for the prosecution to prove by a witness an offense under the information on one day and by another witness another offense thereunder on a different day, though both days were different from those charged." The rulings thus made afford a complete answer to the objection of the defendant just stated.

The defendant suggests that there are three other indictments pending in the circuit court wherein the charge is identical with that in the present case, and then asks which one of the several sales alleged in the latter indictment, and in support of which the evidence objected to was received at the trial, can be pleaded in bar in the trial of either of said of the three indictments? This question may be best answered by refer-

ence to some of the pertinent leading adjudications in this state:

In *State v. Small*, 31 Mo. 197, it is said: "Each drink sold to the same or to different persons is a separate and distinct offense against the statute prohibiting the sale of intoxicating liquors. If the witness is to be believed, besides the sale to Reed he saw six or more persons buy and drink liquor at the defendant's house whilst he was drinking with Reed. The defendant then had offended at least seven times against the statute, and because he had been punished for two of these offenses he would go excused for the rest. The burden of proving his plea was on the defendant. He could have satisfied the jury that he had been tried for the identical offense for which he was then on trial. His inability to do this was his own fault. It lay in his having offended so often that he could not identify and prove each offense. * * * A dramshop keeper may sell on the same day to the same person four drinks at intervals and because two of these offenses are proved by one witness, can not the same witness prove the other two? And if his testimony at each trial be the same will it follow therefore that the offenses are identical? It was for the court or jury to know that the offenses for which defendant was tried were the same for which he had already been convicted, if he would maintain his plea he must prove they were the same."

In *State v. Andrews*, 27 Mo. 267, it was said that: "When it is pleaded that the offense charged in both indictments is the same, the averment may be established by parol evidence, and is to be proved by defendant. To sustain the plea in this case it was incumbent on the defendant not only to produce the record of the former conviction, but to show by testimony that he had been previously tried for identically the

same offense as the one for which he was then prosecuted; and it was not sufficient to show that the evidence on the last trial would have supported the first
indictment, because it would have been sustained by
proof of any act of selling within twelve months before
the finding thereof. Whether, therefore, the offenses
charged in both indictments were the same was a question of fact."

*Kirkwood v. Antenrieth*, 21 Mo. App. 73, was one
of fourteen different prosecutions for selling liquor
without a town license. In several of these the town
was successful. The court said that: "Conceding,
therefore, that under the testimony the jury were bound
to find that the defendant had violated the ordinance
in question in some instances, as he unquestionably
did, how can we say that they were further bound to
find that he violated it on a particular day, the day being the only distinguishing feature of this particular
offense."

*State v. Wilson*, 39 Mo. App. 184, was where the
indictment charged that the sale of intoxicating liquor
was made on November 5, 1888. At the trial the witnesses were permitted to testify to sales made at any
time within a year next before the date of the finding
of the indictment. It appeared that these witnesses
had testified on former trials of the defendant for similar offenses. Their testimony at each trial was substantially the same. They did not testify to sales made
on any specific day, and they did not testify that any
sale was made to them or either of them on the day
laid in the indictment."

The defendant gave in evidence three other indictments for similar offenses committed October 10,
October 30, and November 6, 1888, and the record entries showing that he had been convicted on two and
acquitted on the third. It was said by the court that:

"The date on which the alleged offense was committed is generally immaterial, and that proof that the offense was committed within one year before the finding of the indictment will suffice, although such proof does show that the offense was committed on a day other than the day mentioned in the indictment. But the general rule is inapplicable to cases where the offender had been tried for the same offense on other indictments covering the same period, and where the exact date is the only distinguishing feature between one indictment and the other." To the same effect is *State v. Wilson*, 39 Mo. App. 184 and 187.

The result of the foregoing cases is that in order to sustain the plea of former conviction for an offense for which a defendant is put upon his trial under a second indictment, there must be something in the testimony to lay the date or fix the circumstances or incidents of any particular sale so as to make it clear that the trial under the second indictment is for the same identical offense for which he was previously convicted under another indictment. Whilst this is so it seems to us that if several distinct acts of selling intoxicating liquor may be charged in one count of an indictment or information, and that when so charged they constitute but one offense (*State v. Storrs*, 3 Mo. 9; *State v. Palmer*, 4 Mo. 454; *State v. Fletcher*, 18 Mo. 426; *State v. Meyers*, 20 Mo. 410; *State v. Fitzsimmons*, 30 Mo. 236; *State v. Heinze, ante*); that if a defendant be put upon his trial, and is convicted on an indictment or information so framed and the evidence adduced by the prosecution tends to substantially prove each sale or offense so charged, and that if he is afterward tried on another indictment or information charging similar offenses, and if the evidence in the latter case be in substance the same as in the former, that then the several sales

*—: —: several offenses: former conviction: procedure.*

or offenses so charged will be treated and considered as but one, and such evidence will be sufficient to warrant the court or jury in finding for defendant on the plea of former conviction. This follows as an inevitable corollary, for otherwise a defendant in such case could be twice placed in jeopardy for the same offense. This is in the interest of the defendant, and by which he can not be harmed.

When one is indicted at the same term of court for successive violations of the statute prohibiting the sale of intoxicating liquors without license the better practice would be to present one indictment with a separate count for each offense. By distinguishing the offenses from each other by date or the name of the person to whom the sales are severally made, or by any other intelligent manner, there would be no difficulty in convicting an offender of each offense.

If it be true, as the defendant suggests, that there are other indictments pending against him for similar offenses to those charged in the one now before us, it may be observed that the evidence adduced to prove the several sales in the latter can not be received to prove the sales alleged in the former. In order to sustain the former, proof of sales, other than those proved at the trial on the latter, must be produced, or, in other words, the evidence preserved by the record in the latter can not be introduced at a trial in the former to convict defendant for any of the sales or offenses for which he has already been convicted. As has hereinbefore been remarked, the said several sales or offenses must be considered as one in so far as any further trial of the defendant therefor in other indictments is concerned.

The court did not commit error in its action in interrogating the witness Kirtman. It had the

TRIAL practice: court interrogating witness. right to do so if it deemed it necessary to fully develop the facts bearing on the case or to supply any omitted legitimate question—*State v. Pagels*, 92 Mo. 301. And this is, we think, as far as the examination of the witness was carried by the court.

The defendant asked and the court refused to permit the witness Male to answer the question whether "if there were twenty-four bottles there were twenty-four quarts" of beer in the case purchased by defendant.

——: evidence: harmless error.

While this question is in form improper the court might have properly permitted it to be answered as it was doubtless sought thereby to prove by the witness that the case of beer contained more than three gallons. But assuming that the witness would have answered the defendant's question in the affirmative still this was not such an error, if indeed it was an error at all, as would justify a reversal of the judgment, since there was abundant evidence adduced to show other sales made by defendant within the year next preceding the finding of the indictment. The verdict in no event could have been otherwise than it was. And this would be equally so if the case of beer was purchased and paid for by defendant in Kansas City, Jackson county, instead of in Platte county as he contends the evidence shows the fact to have been.

The defendant's instruction number 2 by which the jury were told that if they believed from the evidence that the defendant, within the time' hereinbefore mentioned, sold intoxicating liquors in any quantity and permitted the same to be drunk or taken away in quantities less than three gallons, every such transaction amounts to a sale of liquor as charged, as much as if the defendant should openly sell it and receive the money therefor at

——: instruction: good faith of sale.

the time.   It is a question for the jury in every such case whether the act was a sale under a mere device to evade the law, or was a lawful disposition of the liquor and therefore the instruction was not an improper expression of the law applicable to the evidence.   Courts do not permit the law to be circumvented or evaded by any artifice resorted to for that purpose.   It is always a question for the jury to determine whether a sale of liquor was a mere device to evade the law or was a lawful disposition of the same.   This must be determined from all the facts and circumstances surrounding the transaction as disclosed by the evidence.

The defendant objects that none of the instructions for the state submitted to the jury as part of the state's case the issue whether he had a license as a dramshop keeper at the time of the commission of the offenses charged against him in the indictment.   There was no evidence whatsoever adduced by defendant tending to prove that he had a dramshop license at the time he made the several sales which the evidence tends to show.   The law imposes upon a defendant in such cases the burden of proving that he had a license. If he had a license it was a matter particularly within his knowledge and if he desired to invoke it as a defense he should have produced it to the court. *Schmidt v. State*, 14 Mo. 137; *Wheat v. State*, 6 Mo. 455; *State v. Edwards*, 61 Mo. 491; *State v. Lipscomb*, 52 Mo. 32; *State v. Harper*, 58 Mo. 530; *State v. Wilson*, 39 Mo. App. 114; *State v. Geise*, 39 Mo. App. 189.   The rule is that an instruction on the entire case must be so framed as not to exclude from the consideration of the jury the points raised by the other side.   But there was no evidence offered by defendant here tending to prove a license.   The court had the right to assume that the defendant had no license.   This was an issue

CRIMINAL law: selling liquor: submitting question of license.

of fact that was eliminated from the case by the action of the defendant himself. If there was no proof of license how could there arise an issue thereon for the determination of the jury. The court might have well told the jury by an instruction that if the defendant within twelve months next before the date of the finding of the indictment at the county of Platte sold any of the intoxicating liquors in less quantities than three gallons as charged in said indictment to find the defendant guilty unless they further believed the defendant had a dramshop license then in force and of which there was no evidence, etc. So far as the rights of the defendant were involved it made no difference whether the court by its instructions ignored the question of license or therein told the jury that there was no evidence that defendant had a license. The effect would have been the same in either case.

VI. We have examined the objections which the defendant has lodged against the other instructions given for the state but we do not think they are well founded. The several instructions asked by the defendant we think were properly refused. Those given by the court on its own motion for defendant were as comprehensive and favorable, in their scope, to the defendant as he was entitled.

There are several minor errors in the record to which our attention has been called and which we have not hereinbefore noticed for the reason that we do not think they were harmful to the defendant.

The judgment will be affirmed. All concur.