STATE OF MISSOURI, Respondent, v. C. L. STEEL, Appellant.

Kansas City Court of Appeals, November 2, 1914.

1. **INDICTMENTS AND INFORMATIONS:** Allegation of Date: Statute. An allegation in an indictment for issuing a prescription for intoxicating liquor of an impossible date or a contradiction in dates or of a date subsequent to finding the indictment, is cured by the statute.

2. ————: Time: Several Offenses. Where one is charged in the same indictment with committing several distinct and like misdemeanors on several different times, then time may become essential to prevent two convictions for one offense. But where an indictment alleges the offense is committed with a certain named individual while the proof must show such individual yet the time may be shown to be any where in one year prior to finding the indictment.

3. **EVIDENCE:** Prescription: Physician. Sufficiency of evidence to convict a physician for issuing prescriptions for intoxicating liquor discussed.

4. **INSTRUCTIONS: Doubtful Phraseology.** Instructions ambiguous in phraseology may be made clear by other instructions in the case, so as to prevent a reversal of the judgment.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*A. J. King* and *J. B. Journey* for appellant.

(1) The defendant filed a motion to quash the second and third counts of the indictment, on the ground that the offenses alleged to have been committed were committed, if at all, after the indictment was returned into court. Time is the essence of the offense in cases of this character. State v. Wilson, 39 Mo. App. 184; State v. Batzer, 150 S. W. 1081; State v. Austin, 113 Mo. 538; State v. Manning, 87 Mo. App. 78. (2) The court committed error in giving instructions one and two on the part of the State, because said instructions excluded from the consideration of the jury the only possible defense available to the defendant, which was that he issued prescriptions in good faith as a medicine and as a necessary remedy to the witnesses Clark and Brown. State v. Young, 36 Mo. App. 517; State v. Hume, 141 Mo. App. 487; State v. Umphrey, 40 Mo. App. 327; State v. Davis, 126 Mo. App. 235; State v. Pollard, 72 Mo. App. 230.

*J. M. Hull* for respondent.

(1) The motion to quash was properly overruled. An allegation of a subsequent or impossible date is cured by statute of 1909, section 5115. State v. Wilson, 39 Mo. App. 184; State v. Sides, 64 Mo. 383. (2) If the time be stated inaccurately within the Statute of Limitation, the error is not fatal. State v. Magrath, 19 Mo. 678; State v. Moore, 203 Mo. 624. (3)

The time fixed by the indictment was immaterial because any date might be proven within the year before October 11, 1913, the date of filing the indictment. State v. Pratt, 98 Mo. 482; State v. Magrath, 19 Mo. 679; State v. Hughes, 82 Mo. 86.

ELLISON, P. J.—Defendant was indicted in three counts for issuing prescriptions for whiskey to be used for other than medicinal purposes. The third count was abandoned and a conviction had on the first and second.

The first count charged the prescription was issued to J. C. Clark the 28th of September, 1913, while the prescription in evidence was dated the 20th of September, 1913. Defendant insists that the indictment fatally contradicts itself in that it charges a prescription issued on the 28th which was filled on the 20th.

The second count charges a prescription was issued to one C. S. Brown on the 9th of October, 1913, and filled on that date and yet the indictment was returned into court several days before that date, viz., October 11th.

These objections are cured by the statute (Sec. 5115, R. S. 1909) that no imperfection shall affect an indictment for the following reasons; ". . .; Fourth, . . . for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly; nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or information, or an impossible day, or on a day that never happened." Hence the State could show any time within a year prior to the indictment.

It is true that in certain instances a certain time may be of the highest importance, as when one is charged with several distinct like offenses committed at different times. In such case, in order to avoid two or more convictions for one offense, the time of each

should be shown in evidence. [State v. Brotzer, 245 Mo. 499; State v. Wilson, 39 Mo. App. 184.] But in this case, each count is confined to a specific offence in furnishing a prescription to a certain named individual and while the proof must sustain the allegation as to the individual, there is no reason why the statute should not apply in curing allegations as to the time.

Criticism is made of the first and second of the State's instructions in that it is said they permit a conviction if the parties prescribed for were in bad faith, regardless of what the defendant intended or thought when he issued the prescriptions to them. The instructions, considered alone, do leave it doubtful whether the words that the liquor was "to be used otherwise than for medicinal purposes," should be applied to the parties in receiving the prescriptions, or to the defendant in issuing them. But this is made plain in other instructions telling the jury that though the prescriptions were obtained in order to get whiskey to drink as a beverage, yet if defendant acted in good faith in prescribing it as a medicine he was not guilty. The instructions as a whole show that the jury could not have been misled.

The only difficulty we have had in the case relates to the sufficiency of the evidence on the question of defendant's good faith to sustain a conviction. But considering the number and frequency and quantity of whiskey prescribed, the parties to whom prescribed and the nature of their ailments, we have concluded there was sufficient to make a question for the jury.

The judgment is affirmed. All concur.