State v. Goff.

STATE OF MISSOURI, Respondent, v. EDWARD B. GOFF, Appellant.

St. Louis Court of Appeals, May 12, 1896.

1. **Criminal Law**: INDICTMENT OF DRUGGIST FOR SALE OF INTOXICATING LIQUOR WITHOUT DRAMSHOP KEEPER'S LICENSE. One who deals in drugs may be a merchant, and as such indicted for the sale of intoxicating liquor without a dramshop keeper's license.

2. ——: INDICTMENT OF DRUGGIST FOR ILLEGAL SALE OF INTOXICATING LIQUOR. *Held, arguendo,* that an indictment against a person for an illegal sale of intoxicating liquor by him as a druggist can only be maintained when he is a duly registered pharmacist or employs a duly registered pharmacist.

3. ——: FORMER ADJUDICATION: MATERIALITY OF TIME OF OFFENSE. The fact, that the informations in two criminal prosecutions against the same person differ as to the date of the offense charged, will not prevent one of the actions from operating as a bar to the other; for the state is not limited in its proof to the date of an offense charged in its pleading, but is at liberty to establish the commission of the offense at any time within the statute of limitations.

*Appeal from the Madison Circuit Court.*—HON. JAMES D. Fox, Judge.

REVERSED AND REMANDED.

*William N. Nalle* for appellant.

*Thomas Holladay* for respondent.

ROMBAUER, P. J.—The defendant was tried and convicted upon an information which charged that on the —— day of September, 1893, he sold in the county of Madison spirituous liquors in less quantity than five gallons, to wit, one pint of whisky, without having a dramshop keeper's license. He appeals and assigns for error that the evidence offered did not warrant the conviction; and that the court rejected legal evidence offered by him, and refused to submit to the jury his plea of former adjudication.

The testimony adduced tended to show that the defendant and his father were jointly interested in running a drug store. The defendant's father was a practicing physician, but was not registered as a pharmacist until after the date of the alleged sales. The defendant himself was not registered as a pharmacist at all, but the testimony tended to show that he was a competent druggist. The place where the liquor was sold was run as a drug store under a merchant's license issued to the defendant's father in the year 1892, and to the defendant himself in the year 1893. The information was framed under the provisions of section 6915 of the Revised Statutes, which prohibits the sale of spirituous liquors in quantity less than five gallons under a minimum penalty of $100. The state relied for conviction exclusively on the evidence of one Cozean, who testified to having bought from the defendant one pint of whisky sometime between June and September, 1893, but who was unable to give the exact date of sale to him. The defendant offered in evidence the record of an adjudication upon an information filed before a justice of the peace, in which he was charged with having sold one pint of whisky on the seventeenth day of November, 1893, and upon which information he was acquitted. He also offered

evidence tending to show that the same witness Cozean, on whose evidence the state relied exclusively for conviction in the present proceeding, also testified in behalf of the state before the justice of the peace on the trial of that information.

The first point made by the appellant is that the court should have directed his acquittal, because the state's evidence disclosed the fact that he was a druggist, and hence was indictable, if at all, under the druggist law, and could not be indicted as a merchant. This point is not tenable. The mere fact, that one deals in drugs, has no tendency to show that he is not a merchant. Section 6919 of the Revised Statutes provides: "The term 'merchant,' as used in this chapter, shall be construed to include all merchants, commission merchants, grocers, manufacturers and *dealers in drugs and medicines*," *etc.* There is no case in the books where an indictment for illegal sale of liquor by one as a druggist or pharmacist has been upheld, unless he was a pharmacist, that is, one duly registered as such under the provisions of section 4614 of the Revised Statutes, or unless he employed a competent pharmacist or druggist under the *proviso* of that section. Competent, in the connection in which that term is used in that section, means competent under the law; that is to say, registered. The law does not contemplate the submission of the competency of a druggist to the jury in each individual case. If the defendant's contention were correct, he would not be indictable for selling liquor as a druggist, because he was not registered as a pharmacist, nor indictable for selling liquor as a merchant because he was a competent druggist, although not registered as such. The defendant's first complaint is, therefore, without merit. *State v. Piper*, 41 Mo. App. 160; *State v. Quinn*, 40 Mo. App. 627.

We conclude, however, that the court erred in ruling out the defendant's evidence of a former adjudication by instructing the jury as follows:

"You are instructed that the evidence offered by defendant upon the plea of a former acquittal is insufficient to constitute a bar to this prosecution, and, in determining the guilt or innocence of the defendant, Edward B. Goff, you will exclude from your consideration all such evidence."

It is true that the information in the case at bar charges the offense to have been committed in September, 1893, and the information before the justice, upon the trial of which the defendant was acquitted, charged the offense to have been committed in November, 1893. But the state was at liberty under either information to adduce evidence of a commission of the offense at any date within one year prior to the filing of the information. The fact that both informations charged the sale of one pint of whisky, that the same witness Cozean was called by the state to substantiate both informations, and that he testified that he bought a pint of whisky from the defendant only once, furnished evidence tending to show that his testimony before the justice, and upon this proceeding, referred to the same transaction. This brought the case within the propositions decided in *Town of Kirkwood v. Autenreith*, 21 Mo. App. 73, and *State v. Wilson*, 39 Mo. App. 184; and the court erred in withdrawing from the jury the evidence tending to show a former adjudication. For this error the judgment must be reversed.

Judge BIGGS concurring, the judgment is reversed and the cause remanded. Judge BOND is of opinion that the judgment should be reversed without remanding the cause.