THE STATE OF MISSOURI, Respondent, v. WILLIAM YOUNG, Appellant.

Kansas City Court of Appeals, March 22, 1897.

1. **Dramshops:** SALE AWAY FROM PREMISES.  A dramshop keeper's license will not protect him for making a sale beyond the licensed place.

2. ———: PLACE OF SALE: SALE AWAY FROM THE PREMISES. A bottle of liquor was taken out of the dramshop keeper's saloon at the request of the purchaser and delivered to the purchaser, who was in waiting a short distance down the street, and there paid for,—*held*, not a sale at the licensed place.

3. Criminal Procedure: INDICTMENT: TIME AND PLACE. An indictment for selling liquor without a license, which alleges that the sale was in the county at any date within a year, is sufficient as to time and place.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*Casteel & Haynes* for appellant.

(1) The indictment is insufficient in not stating with more definiteness the time and place of committing the alleged offense, and in not alleging to whom the whisky was sold. Under the indictment and the evidence in this case the defendant was not fairly put upon his defense. *State v. Stegall*, 65 Mo. App. 245. (2) The court erred in not permitting the defendant to introduce his license, and explain to the jury why he went to the saloon and got the whisky and delivered it at the barn. If not competent for any other purpose, it was competent for the purpose of mitigation. The minimum punishment in cases like this is $40. The defendant was fined $60. We presume citation of authorities upon question of mitigation is unnecessary.

ELLISON, J.—Defendant was indicted, tried and convicted for selling intoxicating liquor in less quantities than three gallons without a license. The facts were these: Defendant was a licensed saloon keeper and having closed his saloon between 7 and 8 o'clock for the evening, was walking down the street, and at a point half a block away, in

STATEMENT.

front of a livery barn, he met some parties, one of whom wanted a quart of whisky; asking defendant why his saloon was not open, defendant told him he would get the whisky for him and for him to go into the barn and wait. He waited in the barn a few moments when defendant returned with a quart bottle of whisky and delivered it to him, receiving from him $1 in payment.

We must hold the defendant properly convicted. The sale was not at, or in, the licensed place. He perhaps did not intend to violate the law and DRAMSHOPS: sale away from the premises. may have thought his license protected him, but the fact remains that he sold and delivered the liquor at a place where he had no license to sell.

2. Objection is made that the indictment fails to charge the specific place in DeKalb county where the liquor was sold or the person to whom it CRIMINAL procedure: indictment: time and place. was sold. This was not necessary. It was sufficient to allege the county as the place and any date within a year as the time.

The judgment will be affirmed. All concur.