STATE OF MISSOURI, Respondent, v. I. T. WORKMAN, Appellant.

St. Louis Court of Appeals, May 10, 1898.

Criminal Law: SALES OF LIQUOR: DRUGGIST: STATUTORY CONSTRUCTION. Under the druggist law (R. S. 1889, chap. 58) no proprietor or owner of a drugstore who is not himself a registered pharmacist can lawfully conduct the business of a druggist, unless he has in his employ such a pharmacist, and if at the time of the offense charged against defendant for a violation of the dramshop law, neither he nor his co-owner of a drugstore, nor his employee had filed his certificate as a pharmacist with the clerk of the proper county

court, as required by the statutes, he was guilty of conducting the business in violation of the law, and the judgment of his conviction under an indictment for selling liquor without a license, should be sustained.

*Appeal from the Christian Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

No briefs filed.

BIGGS, J.—The defendant was indicted, tried and convicted of a violation of the dramshop law. He has appealed and insists that under the law and evidence he is entitled to his discharge.

The state introduced evidence tending to prove that on the first day of February, 1897, the defendant sold to the prosecuting witness intoxicating liquors in less quantity than three gallons. The evidence relied on by the defendant tended to show that at the time of the sale the defendant was the part owner of a stock of drugs, but was not himself a pharmacist; that Dr. B. W. Henslee was his co-owner; that the whisky was sold to the prosecuting witness at the place where the stock of drugs was kept for sale; that Dr. Henslee was a regular practicing physician; that he issued to the prosecuting witness a prescription for the whisky so sold; that Dr. Henslee was also a registered pharmacist, and that the defendant filed the prescription in his presence and under his immediate direction. It was also disclosed by the evidence that Dr. Henslee's certificate as a pharmacist had not at the time the alleged offense was committed been recorded in the office of the clerk of the county court as required by an act of the legislature amending section 4613, of the Revised Statutes of 1889. (Session Acts Missouri 1893, p. 151.)

EVIDENCE.

It is insisted that under the foregoing facts the defendant could only have been indicted for a violation of the druggist law. The amendatory act referred to provides:

"And no person having received or who may hereafter receive a certificate of registration as a pharmacist shall engage in business as a pharmacist in any county of this state in which he shall locate, or into which he shall afterward remove, until he shall have had such certificate recorded in the office of the clerk of the county court of such county, and it is hereby made the duty of such county clerk to record such certificate in a book to be provided and kept for that purpose, and the county clerk is authorized to charge a fee of fifty cents for the recording of each certificate, to be paid by the person offering such certificate for record. Every pharmacist now holding a certificate of registration as a pharmacist and being engaged in business as a pharmacist, shall have such

RIGHT of
druggist to sell
liquor.

certificate recorded, as in this section provided, within thirty days after the taking effect of this act." Under the druggist law (R. S. 1889, chap. 58), no proprietor or owner of a drugstore who is not himself a registered pharmacist can lawfully conduct the business of a druggist, unless he has in his employ such a pharmacist. At the time of the offense charged Dr. Henslee had not filed his certificate as a pharmacist with the clerk of the county court of Christian county, as required by the foregoing act. Until that was done he had no authority to fill or dispense prescriptions in Christian county. Unquestionably the defendant was conducting the business in violation of law, and under the authority of State v. Goff, 66 Mo. App. 491, he was properly convicted.

There is no evidence that the defendant had a

merchant's license, and he makes no claim that he should have been prosecuted for a violation of the merchant's law. The judgment of the circuit court will be affirmed. Judges BLAND and BOND concur upon the sole ground that the evidence does not show that the defendant had a merchant's license.