# THE STATE OF MISSOURI, Respondent, v. M. M. MAURER, Appellant.

### Kansas City Court of Appeals, November 3, 1902.

1. **Criminal Procedure:** DIFFERENT COUNTS: EVIDENCE: HARMLESS ERROR. Where there are different counts in an information and there is a failure of evidence as to certain counts, it is better to *nolle prosequi* such counts, or for the jury to return a verdict for the defendant thereon; in this cause, however, the failure to do either of these is harmless error.

2. ———: WANT OF ERROR IN RECORD: AFFIRMANCE. Where there is no error in the record the judgment should be affirmed.

Appeal from Nodaway Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*B. R. Martin* for appellant.

*John M. Dawson* for respondent.

SMITH, P. J.—The defendant, the proprietor of a drugstore, was proceeded against by information for violating sections 3047 and 3051, Revised Statutes 1899. The information contained five counts, but all of them except the first and second seem to have been practically abandoned at the trial, no evidence being introduced nor instruction requested or given in reference to them. It would have been more regular had a *nolle prosequi* been entered as to such counts, or for the jury to have found in defendant's favor in respect thereto; but the failure to find on such counts did not prejudice defendant (section 2535, Revised Statutes) and may be regarded as an acquittal on the charges therein contained. State v. Whitton, 68 Mo. 91.

We have not been favored with a brief by the prosecuting attorney or by the defendant, so that we are unadvised of the grounds of the appeal, if any, beyond those suggested by the motion for the new trial. We are unable to discover any fatal infirmity in the first and second counts of the information on which the defendant was tried and convicted, or that any prejudicial error was committed by the court during the progress of the trial either in the admission or rejection of evidence, or in the giving or refusal of instructions.

It seems to us from an examination of the entire record that the defendant was fairly tried and convicted in conformity to the rules and principles of law, and that his appeal is therefore destitute of merit; and accordingly we shall order an affirmance of the judgment. All concur.