STATE OF MISSOURI, Respondent, v. ELI BACK, Appellant.

St. Louis Court of Appeals, February 17, 1903.

1. **Criminal Procedure: EXCEPTION: STATUTORY CONSTRUCTION.** Under the provisions of section 2640, Revised Statutes 1899, the rule in a criminal case in regard to matters of exception is identically the same as in civil proceedings.

2. ———: ———: ———. In the case at bar, the defendant saved no exceptions during the progress of the trial, nor asked any instructions, and the record proper alone is subject to review by the Court of Appeals.

3. ———: **INDICTMENT: SELLING LIQUOR.** An indictment for selling liquor without a license need not allege the name of the person to whom the sale was made.

4. ———: **JUSTICE OF THE PEACE: JURISDICTION.** Under the provisions of section 2748, Revised Statutes 1899, a justice of the peace has jurisdiction of a prosecution for selling liquor without a license.

5. ———: **SELLING LIQUOR: LICENSE: DRAMSHOP-KEEPER: REGISTERED PHARMACIST.** In a prosecution for selling liquor without a license, where the evidence showed that defendant was a clerk in a drugstore conducted by a registered pharmacist, the prosecution was properly for selling liquor without a license as a dramshop-keeper, and not for selling as a druggist.

Appeal from Pemiscot Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

*J. P. Tribble* for appellant.

(1) Section 2748, Revised Statutes 1899, giving justices of the peace jurisdiction in misdemeanors, was passed in 1879, while section 3006 was passed in 1891. It radically changed the mode of procedure in cases arising under the act relating to dramshops, and will

prevail over the former statute by necessary implication. "An affirmative enactment of a new rule implies a negative of whatever is not included or is different; and if, by the language used, the thing is limited to be done in a particular form or manner, it includes a negative that it shall *not* be done otherwise." Ex parte Joffee, 46 Mo. App. 360. (2) Where two statutes prescribe different modes of doing the same thing, the subsequent statute will prevail. Webb v. Midway Lumber Co., 68 Mo. App. 546. (3) The statute fixes the minimum legal sale of one not a dramshop-keeper, druggist or merchant, at three gallons (R. S. 1899, sec. 3004). If he is a druggist merely he can not sell less than four gallons (R. S. 1899, sec. 3047). If a merchant he can not sell in less quantities than five gallons (R. S. 1899, sec. 8563). (4) The indictment did not state the proper quantity to bring it under the provisions of the druggist law, and was bad for the reason. State v. Greenhagen, 36 Mo. App. 24; State v. Ford, 47 Mo. App. 601; State v. Stephens, 62 Mo. App. 232; State v. Fanning, 38 Mo. 409; State v. Baskett, 52 Mo. App. 389. An indictment for selling as a druggist should state the name of the person to whom the sale was made, in order that defendant may be advised sufficiently to produce a prescription, if he has one, covering the alleged illegal sale. State v. Harris, 47 Mo. App. 558; State v. Baskett, 52 Mo. App. 389.

*L. L. Collins* for respondent.

(1) The justice of the peace had jurisdiction to try and determine this case. R. S. 1899, sec. 2748. (2) The defendant should not have been indicted for selling liquor as a druggist, or a pharmacist, for the reason he was neither, as is shown by the evidence. Therefore, he was properly indicted for selling liquor without having a license as a dramshop-keeper. State v. Goff, 66 Mo. App. 491; State v. Workman, 75 Mo. App. 454.

REYBURN, J.—Appellant was prosecuted upon an information by the prosecuting attorney of Pemiscot county, filed before a justice of the peace in Hayti township, Pemiscot county, charging him with unlawfully selling intoxicating liquors in less quantities than three gallons, to-wit, one gill of whiskey, on the 13th day of April, 1900, in the county of Pemiscot, without taking out or having a license as a dramshop-keeper, or any other legal authority to sell the same. At the setting of the case the justice of the peace certified the cause to the circuit court, holding that he had no jurisdiction as such justice to try it; and the circuit court ordered the case sent back to the justice, and ordered him to proceed with the trial, which resulted in the conviction of the defendant, who then appealed to the circuit court of Pemiscot county. In the circuit court defendant moved to quash the information, which the court overruled, and a jury being waived the trial was had before the court. In the circuit court the testimony tended to show that the defendant was a clerk for Back & Co., a firm composed of J. W. Back and C. A. Wells, and there was offered in evidence a merchant's license to the firm, a certificate of the State Board of Pharmacy issued to J. W. Back, a prescription issued by Dr. C. A. Wells, and a diploma to the latter as a physician. The sale of whiskey by the drink was admitted, but the testimony was conflicting whether the prescription was presented at the time of the sale. At the conclusion of the trial, the judge before whom the case was tried, found the defendant guilty, and imposed a fine of $40. Motions for new trial and in arrest were duly filed and overruled, and exceptions to the ruling of the court upon these motions were duly saved by defendant, but the record fails to set forth the saving of any exception on behalf of the defendant to bring any ruling of the lower court, excepting the action of the court upon the motions for new trial and in arrest. The record also fails to disclose any objection by defendant to the admission or exclu-

sion of any evidence. No instructions appear to have been asked or given in the case though the motion for new trial refers to declarations of law. The rule in a criminal case in regard to matters of exception is identically the same as in civil proceedings. Sec. 2640, R. S. 1899; State v. Dusenberry, 112 Mo. 293; State v. Meyers, 99 Mo. 117. As defendant saved no exceptions during the progress of the trial, nor asked any instructions, the record proper alone is here subject to review. State v. Griffin, 98 Mo. 672. The sufficiency of the indictment is assailed on the ground that the name of the person to whom the sale was made should have been stated, but as the charge was selling liquor without a license, this was not necessary. State v. Martin, 44 Mo. App. 50; State v. Jaques, 68 Mo. 260, and cases cited. Nor is the objection to the jurisdiction of the justice well taken, for jurisdiction is expressly conferred by section 2748 of the Revised Statutes of 1899. Nor should the defendant have been prosecuted for selling liquor as a druggist or registered pharmacist for the reason that he was neither, and was properly proceeded against for selling liquor without a license as a dram-shop-keeper. State v. Workman, 75 Mo. App. 454; State v. Goff, 66 Mo. App. 491; State v. Hammack, 93 Mo. App. 521. The judgment will therefore be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.