STATE OF MISSOURI, Respondent, v. McANALLY, Appellant.

St. Louis Court of Appeals, March 1, 1904.

1. **DRUGGIST:** Selling Liquor Without Prescription: Date. In an indictment against the proprietor of a drug store and a pharmacist for selling intoxicating liquor in less quantities than four gallons without a prescription from a physician, it is not necessary to state the date of such sale when the name of the purchaser is given.

2. ———: Suffering Liquor to be Drunk on Premises: Name. In an indictment against a druggist for suffering liquor to be drunk on his premises, under section 3051, Revised Statutes of 1899, it is not necessary to name the person who was permitted to drink the liquor.

3. ———: ———. On the trial of a druggist for suffering liquor to be drunk on his premises, an instruction which required the jury to find the defendant "did unlawfully suffer and knowingly permitted Andrew Stickler to drink, etc.," is fully sufficient to meet the requirement of the statute, section 3051, Revised Statutes of 1899, under which the indictment is framed.

4. **INDICTMENT.** Where, on the trial under an indictment in three counts, the defendant was found guilty on two of the counts, the failure to make any finding on the remaining count, there being no evidence to sustain it, was equivalent to an acquittal on such remaining count.

Appeal from Bollinger Circuit Court.—*Hon. Jas. D. Fox*, Judge.

AFFIRMED.

*W. M. Morgan* and *W. H.* and *Davis Biggs* for appellant.

(1) The first count of the indictment is bad, because it fails to give the date of the alleged illegal sale to Andrew Stickler. State v. Martin, 108 Mo. 117; State v. Manning, 87 Mo. App. 78; State v. Major, 81 Mo. App. 289; State v. Wilcoxen, 38 Mo. 370; State v. Strumbo, 26 Mo. 306; State v. Quinn, 40 Mo. App. 627; State v. Harris, 47 Mo. App. 558; R. S. 1899, sec. 2535. (2) The second count of the indictment is fatally defective for the reasons, first, it fails to aver the day on which the alleged offense was committed; and second, it fails to give the name of the person alleged to have drunk the intoxicating liquor. (3) The second instruction given by the court is erroneous, in that it failed to require the jury to find that the defendant assented to the drinking of the liquor on his premises.

*Charles G. Revelle* for respondent.

(1) Where an indictment discloses that the alleged offense was committed within the statutory period of limitation, and where time is not of the essence of the offense the specific date on which the offense was committed is immaterial and need not be alleged. In failing to specify the particular date on which the illegal sale was made the first count of the indictment is not defective. R. S. 1899, p. 672, sec. 2535; 1 Bishop Criminal Practice (3 Ed.), chap. 24; p. and sec. 400; 2 Wharton Criminal Law (9 Ed.), chap. 24, p and sec. 1521; State v. Stumbo, 26 Mo. 306; State v. Small, 31

Mo. 197; State v. Wilcoxen, 38 Mo. 370; State v. Findley, 77 Mo. 338; State v. Hughes, 82 Mo. 86; State v. Barr, 30 Mo. App. 498; State v. Pratt, 98 Mo. 482; State v. Effinger, 44 Mo. App. 81; State v. Hutchinson, 111 Mo. 257; State v. Carnahan, 63 Mo. App. 244; State v. Young, 70 Mo. App. 52; State v. Bradford, 79 Mo. App. 346; State v. Lantz, 90 Mo. App. 15. (2) The failure to allege the specific time of the commission of the offense and the name of the person who drank the intoxicating liquor does not invalidate the second count of the indictment, time not being of the essence of the offense and the name of the person being immaterial. R. S. 1899, p. 770, sec. 3051; State v. Gibson, 61 Mo. App. 368; State v. Wingfield, 115 Mo. 428; State v. Bailey, 73 Mo. App. 576; State v. Finney, decided by Supreme Court on the 9th day of December, 1903, not yet reported. (3) The case of State of Missouri v. Martin, 108 Mo. 117, cited by appellant and upon which appellant apparently relies, has been in effect overruled. State v. Quinn, 94 Mo. App. 59; State v. Quinn, 170 Mo. 176. (4) Section 3051 of the Revised Statutes 1899, is directed against all druggists and those legally acting in that capacity and prohibits all as such from suffering intoxicating liquor to be drunk at or about their place of business and the fact that one person may occupy a dual position and engage in some other business or profession in addition to that of a druggist does in no manner change or alter the character or effect of the section. State v. Maurer, 96 Mo. App. 347; R. S. 1899, secs. 3036-3037. Session Acts 1901, p. 143, secs. 1-3037. (5) The second instruction given by the court was a proper and correct declaration of the law applicable to the case.

BLAND, P. J.—At the March term, 1902, of the Bollinger circuit court the grand jury returned the following indictment against the defendant.

"The grand jurors for the State of Missouri, now here in court, duly impanelled, charged and sworn to inquire within and for the body of the county of Bollinger and State of Missouri, upon their oath present and charge that one, S. M. McAnally, late of the county and State aforesaid, on or about the —— day of ———, in the year 1902, at and in the county of Bollinger, and State aforesaid, being then and there a druggist and proprietor of a drug store and a pharmacist, did then and there unlawfully and willfully sell and dispose of certain intoxicating liquor in less quantity than four gallons, to-wit, one pint of whiskey, one pint of wine, one pint of beer, one pint of brandy to Andrew Stickler and divers others, whose names are to these jurors unknown, and that said intoxicating liquor was not then and there sold and disposed of on a written prescription dated and signed, first had and obtained from any regularly registered and practicing physician, stating the name of the person for whom the same was prescribed, and that said intoxicating liquor was prescribed as a necessary remedy, and that said intoxicating liquor was not then and there sold for art, mechanical or scientific purposes on a written application signed by a person known to the said S. M. McAnally to be a mechanic; scientist or artist; the said S. M. McAnally not then and there having dramshop license nor any other legal authority to sell and dispose of said intoxicating liquor as aforesaid; and said intoxicating liquor not having been manufactured on the premises, and not being then and there sold and disposed of for sacramental purposes, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.

"And the grand jurors aforesaid, upon their oath aforesaid, further present and charge that one, S. M. McAnally, late of the county and State aforesaid, on or about the —— day of ———, in the year 1902, at and in the county of Bollinger, and State of Missouri, being

then and there a druggist and a dealer in drugs and medicines, did then and there willfully and unlawfully suffer and knowingly permit certain intoxicating liquor, to-wit, one pint of whiskey, one pint of wine, one pint of beer, one pint of brandy, to be drunk at and about his place of business, to-wit, his drug store, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.

"And the grand jurors aforesaid, upon their oath aforesaid, further present and charge that one, S. M. McAnally, late of the county and State aforesaid, on or about the —— day of ——, in the year 1902, at and in the county of Bollinger, and State of Missouri, aforesaid, being then and there a merchant, and having a merchant's license for dealing in goods, wares and merchandise, did then and there willfully and unlawfully sell and dispose of certain spiritous, vinous and fermented liquors in less quantity than five gallons, to-wit, one pint of whiskey, one pint of wine, one pint of beer, one pint of brandy, to be drunk at his store and place of business and did then and there suffer the same to be drunk at his store and place of business, he, the said S. M. McAnally, then and there not having a dramshop keeper's license, or any other legal authority therefor, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The defendant moved to quash the indictment on the following grounds:

"1. Because it appears from the face of the indictment that at the time of the alleged offense this defendant was a druggist, a proprietor of a drug store, a pharmacist, and a dealer in drugs and medicines and could only be indicted for the illegal sale of liquor as a druggist, and not as a merchant.

"2. Because it appears from the face of the indictment that at the time of the alleged offense the de-

fendant was a druggist, a proprietor of a drug store, a pharmacist, and a dealer in drugs and medicines and no date is stated when any of the alleged offenses were committed.

"3.   Because the indictment does not state facts sufficient to constitute any offense against the law of this State.

"4.   Because it appears from the face of the indictment that at the time of the alleged offenses the defendant was a merchant and a dealer in goods, wares and merchandise, and had a license for dealing in goods, wares and merchandise, and could only be indicted for the illegal sale of liquor as a merchant, and not as a druggist."

The motion was overruled and a trial was had resulting in a verdict of guilty on the first and second counts of the indictment.   A motion for new trial proving of no avail defendant appealed.

The evidence offered by the State tends to prove that defendant was the proprietor of a drug store in Bollinger county, and within a year next before the filing of the indictment he sold to Andrew Stickler, without a prescription, two drinks of whiskey supplied from his stock in the drug store, and that Stickler and one Fred Buckner drank the whiskey behind the prescription case in the store, in the presence of the defendant, and defendant made no objection to its being drunk at his place of business.   Defendant offered evidence tending to show that he was both a registered pharmacist and a regular practicing physician; that at the time the liquor was sold to Stickler he had in his employ, Martin Rhodes, as a clerk and helper in his drug store, and that the whiskey was sold by Rhodes to Stickler.   Defendant testified that he was not at the store on the day Stickler testified he purchased and drunk the whiskey, and that his instructions to Rhodes, his clerk, was not to sell liquor to any body except upon a regular prescription signed by a practicing physician.

Of its own motion, the court gave the following instruction for the jury:

"1.   You are instructed that if you believe and find from the evidence in this cause that the defendant, S. M. McAnally, in the county of Bollinger, in the State of Missouri, at any time within one year prior to March 15, 1902, did unlawfully sell to Andrew Stickler one pint, or any other quantity of whiskey, and shall further find that said defendant at the time of said sale was a druggist and proprietor of a drug store, and a pharmacist, and made such sale of whiskey to Andrew Stickler, without having first obtained a written prescription from some regularly registered and practicing physician, stating the name of the person for whom the same was prescribed, and that said whiskey was prescribed as a necessary remedy, you will find the defendant guilty as he stands charged in the first count of the indictment, and so finding, will assess his punishment at a fine not less than one hundred nor more than five hundred dollars.

"2.   If you believe and find from the evidence in this cause that the defendant, S. M. McAnally, in the county of Bollinger, in the State of Missouri, at any time within one year prior to March 15, 1902, was a druggist and a dealer in drugs and medicines, and did unlawfully suffer and knowingly permit Andrew Stickler to drink whiskey at and about his place of business, that is to say, his drug store, you will find the defendant guilty, as he stands charged in the second count of the indictment, and assess his punishment at a fine not exceeding two hundred dollars, or at imprisonment in the county jail not exceeding six months.

"3.   The defendant in this cause is a competent witness in his own behalf under the laws in this State; but in determining his credibility and the weight to be attached to his testimony, you may take into consideration the fact that he is the defendant testifying in his

own behalf and his interest in the result of his prosecution.

"4. The defendant in this cause is presumed to be innocent of the charges preferred against him, and this presumption of innocence follows and protects him through every step of this prosecution until his guilt is established by the State beyond a reasonable doubt and if after a fair, full and impartial consideration of all the testimony in this cause, you entertain a reasonable doubt of the defendant's guilt, you should acquit him; but to authorize an acquittal on that ground alone, you should have a reasonable and substantial doubt touching his guilt, and not the bare possibility of his innocence.

"5. If you believe and find from the evidence that one, Martin Rhodes, was acting as clerk in the drug store of the defendant, S. M. McAnally, and sold the whiskey to Andrew Stickler, without defendant's knowledge or consent, and that defendant had instructed said Rhodes not to sell intoxicating liquor to any one, without a prescription from some regularly registered and practicing physician, and that said Rhodes sold the whiskey to said Stickler in violation of defendant's instructions, then, and in that case, you should acquit the defendant as charged in first count of the indictment.

"6. You are further instructed that unless the defendant was present at the time it is charged that Andrew Stickler drank the whiskey in his drug store, and did not authorize, or knowingly permit Stickler to drink said whiskey in his drug store, then you should acquit the defendant of the charge in the second count of the indictment."

1. Defendant contends that the first count of the indictment is bad for the reason that it fails to give the date of the sale; and cites State v. Martin, 108 Mo. 117, as supporting this contention. In the Martin case the information was held bad for the reason the person to whom the liquor was sold was not named. The court held in that case that as the defendant might justify the

sale by producing the prescription of a physician authorizing the particular sale, it was his right to be notified by the information to whom the alleged sale was made to afford him an opportunity to hunt out the prescription, if he had one, from his files and produce it at the trial as evidence in his defense. It seems to us that when the name of the purchaser is given, the defendant is sufficiently informed of the particulars of the charge to enable him to prepare his defense, if he relies upon a prescription as a defense. If he has more than one prescription issued to the alleged purchaser, it would work no hardship on him to bring them all to court and then offer in evidence such of them as he might desire. Time is not of the essence of the offense and it is competent for the State on the trial to prove a sale to the person named in the indictment or information at any time within a year next before the filing of the indictment or information; hence, if the date of the sale should be alleged, the State will not be confined to that particular date in its proof but might prove a sale at any time within the statutory period of limitation. State v. Carahan, 63 Mo. App. 244; State v. Young, 70 Mo. App. 52; State v. Bradford, 79 Mo. App. 346; State v. Lantz, 90 Mo. App. 15. To state that a sale was made on a particular date would not, therefore, inform the defendant that the State would rely on a sale made on the date alleged and hence would furnish him no certain information as to the date of the sale. For these reasons we think the indictment was not defective in failing to allege the date of sale.

2. It has been repeatedly held that in an indictment for selling liquor without license, it is not necessary to name the persons to whom the liquor was sold. State v. Ladd, 15 Mo. 430; State v. Fanning, 38 Mo. 359; State v. Rogers, 39 Mo. 431; State v. Wingfield, 115 Mo. 428; State v. Gibson, 61 Mo. App. 368. By analogy this ruling is applicable to an indictment for suffering liquors to be drunk at the place of business of

a druggist, and we do not think the second count of the indictment was faulty for failing to name the person who was permitted to drink liquor in defendant's drug store.

3. The second instruction given by the court is not open to the objection made by defendant, that it failed to require the jury to find that defendant assented to the drinking of the whiskey at his place of business. The instruction required the jury to find that the defendant "did unlawfully suffer and knowingly permit Andrew Stickler to drink," etc. The statute, (R. S. 1899, sec. 3051) on which the second count is predicated, declares it a misdemeanor for any druggist or proprietor of a drug store to "suffer alcohol, . . . to be drunk at or about his place of business." The instruction required more than does the statute in this particular, and is more open to criticism on this account than it is to the objection raised by the defendant.

There was no evidence tending to prove the third count of the indictment and it was practically abandoned at the trial. The jury made no finding on this count. In these circumstances the verdict of the jury finding the defendant guilty on the first and second counts and its failure to make any finding on the third count amounted to an acquittal on the third count, so all the issues of facts on all three counts of the indictment were disposed of by the verdict. State v. Maurer, 96 Mo. App. 347; State v. Whitton, 68 Mo. 91.

There being no reversible error in the record the judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.