## P. C. ELLIOTT v. THE STATE.

### No. 3435.    Decided March 7, 1906.

**1.—Rape—Insufficiency of Evidence—Consent.**

Upon a trial for rape where the testimony on the part of the prosecutrix did not show any threat by defendant, nor supposed compulsion in the sense of moral or physical fear is manifested in the record, or that she resisted the attempted outrage by the necessary force, the same was insufficient to sustain a conviction.

**2.—Indictment—Count Dismissed—Incest.**

Where defendant was convicted upon an indictment charging rape in one count and incest in another, the conviction being for rape, the second count having been ignored, the said indictment could not be used to predicate a subsequent prosecution for incest thereon.

Appeal from the District Court of Knox.    Tried below before the Hon. J. M. Morgan.

Appeal from a conviction of rape; penalty, thirteen years imprisonment in the penitentiary.

The opinion states the case.

*Glasgow & Kenan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of rape, and his punishment fixed at confinement in the penitentiary for a term of thirteen years.

The substance of the testimony of prosecutrix was, that she was 16 years of age and was living with her father and mother; that on the night of the alleged offense her mother was not at home; that her father was sleeping in one room, with her 14-year-old-brother, and she was sleeping in the adjoining room with her 11-year-old brother. The rooms were separated by a board partition wall, and there was a door between the rooms. After they had retired for the night, her father came to her bed, took prosecutrix's hands, crossed them on her breast, held her hands with one of his, pulled up her clothes after getting on top of her, and completed an act of intercourse with her. During this time she was attempting to resist the act by calling her brothers. Neither of them, however, were awakened by any demonstration or noise on her part. This was on the 23rd day of August, 1904. No outcry or complaint was made about the matter by prosecutrix until the 23rd of September, following. During all of which thirty days she had ample opportunities of making complaint. Her mother returned to the home three days after the alleged offense. No statement was made to her at once. Prosecutrix had every opportunity to make complaint to various other parties, but did not do so until the expiration of thirty days. We can not permit the verdict of the jury to stand on such evidence. The testimony on the part of prosecutrix does not show any fear or threat by her father against her. No supposed compulsion, in the sense of moral or physical fear is manifested in the record. In fact nothing going to show that she resisted the attempted outrage with such force as she could, taking into consideration the relative strength of the parties. She was 16 years of age at the time of the alleged offense. It was absolutely necessary that she should use all force possible taking into consideration the relative strength, age and size of the parties. The evidence further shows that she was a well developed woman at the time of the alleged offense, and weighed 136 pounds; was very stout, and accustomed to manual labor upon the farm as well as household work. The evidence before us might have been sufficient, if there had been corroboration, to support a conviction for incest; but it is not sufficient to warrant a conviction of rape. We notice that the indictment contains a count charging incest, but under the decision of the majority of the court in Parks v. State, 9 Texas Ct. Rep., 821, this count in the indictment cannot be used upon which to predicate a subsequent prosecution. The evidence wholly fails to support the conviction for rape. Donaghue v. State, 9 Texas Ct. Rep., 824; Jim Dina v. State, 9 Texas Ct. Rep., 99; Kennon v. State, 42 S. W. Rep., 376; Edmonson v. State, 44 S. W. Rep., 154. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*