THE STATE OF MISSOURI, Respondent, v. E. G. COX, Appellant.

**Kansas City Court of Appeals, March 29, 1909.**

1. **DRUGGISTS: Selling Liquor: Evidence: Conviction.** The evidence relating to the sale of liquor by a druggist is reviewed and held sufficient to sustain a conviction.

2. ————: ————: **Several Counts: Conviction on One: Criminal Procedure.** Where there are instructions on one count only in an indictment and a conviction thereon, the other counts are presumed to have been abandoned.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*John W. Stokes* and *R. B. Bridgeman* for appellant.

(1) The judgment of the trial court will be reversed when there is an entire failure of evidence to show the guilt of the defendant as charged in the indictment. State v. Mahann, 138 Mo. 112; State v. Gordon, 199 Mo. 596. A verdict of guilty cannot rest upon conjecture or suspicion. State v. Gordon, 199 Mo. 596. If the conviction is without substantial evidence to support it the judgment will be reversed. State v. Marshall, 47 Mo. 378; State v. Scott, 177 Mo. 673, and cases cited; State v. Gordon, supra; State v. Fuchs, 17 Mo. App. 458; State v. Russell, 17 Mo. App. 16; State v. Sellner, 17 Mo. App. 39; State v. Bruner, 17 Mo. App. 274. (2) That the verdict of the jury is against the law as declared by the court and is not responsive to instruction No. 1 given by the court. (3) The jury could not be justified in returning a general verdict under the instructions of the court. The defendant has a right to know what offense he has been convicted of. As none of the twelve charges were nolled and the verdict was a general one defendant is unable to tell whether or not he was convicted as a druggist or as a dramshop keeper or for permitting liquor to be drunk on his premises. State v. Blize, 111 Mo. 473; State v. Rowe, 142 Mo. 439; State v. Harmon, 106 Mo. 635; State v. Bedell, 35 Mo. App. 551; State v. Jackson, 72 Mo. App. 59.

*H. T. Alkire* and *Frank Petree* for respondent.

(1) The State contends that the evidence was sufficient to support a conviction of the defendant. (2) Upon the second point the defendant must fail, for the reason that the court, by its instruction, only submitted one count to the jury, and a general verdict was all that was required. State v. Clark, 147 Mo. 29; State v. McAnally, 105 Mo. App. 343.

BROADDUS, P. J.—The defendant was indicted for the illegal sale of intoxicating liquors. The indictment contains twelve counts. The first, fourth, seventh and tenth counts charge him with a violation of the Druggists' and Pharmacists' Act; the second, fifth, eighth and eleventh counts charge him with the offense of permitting liquors to be drunk on his premises; the third, sixth, ninth and twelfth counts charge him with illegal sales under the Dramshop Act.

The evidence introduced at the trial was that of one witness, who testified that in July, 1906, the defendant was engaged in the business of a druggist in Holt county, Missouri. He was questioned as follows, "Have you had any business transaction with Mr. Cox —that is, at any time within one year prior to May 4, 1907? A. Why, I bought a half a pint of whisky in there. Q. You bought a half a pint of whisky in there? A. Yes, sir. Q. What did you pay for it? A. I believe it was a quarter." This was all the testimony in the case. The court submitted the case to the jury on the third count of the indictment charging defendant with the illegal sale of intoxicating liquors. The jury returned a verdict of guilty and assessed defendant's punishment at a fine of $150.

There was no *nolle prosequi* entered, nor any order of dismissal of the remaining eleven counts. The defendant appealed from the judgment.

Defendant insists upon reversal of the judgment for two causes, viz.: First, because the evidence was not sufficient to prove that defendant committed the offenses; second, because it was error in the failure of the State to discontinue the remaining counts before the case was submitted to the jury.

We think it was sufficiently shown by the questions and answers of the witness to them that he bought liquor of defendant at his place of business in Holt county, Missouri, within one year prior to the finding

136 App—27

of the indictment. No other reasonable inference can be drawn from the evidence.

As to the second point, it is held, "Where the court instructs only on one of two counts in an indictment, the other count will be presumed to have been abandoned." [State v. Clark, 147 Mo. 20.] And it is held that on a trial under an indictment containing three counts, when defendant was found guilty on two of the counts, the failure to make any finding on the remaining count, there being no evidence to sustain it, was equivalent to an acquittal on such remaining count. [State v. McAnally, 105 Mo. App. 333.]

Under these authorities, there was no error in the action of the court in submitting the case to the jury on the one count of the indictment without having disposed of the other counts by the entering of a *nolle prosequi* or submitting them to the jury under instructions.

Finding no error, the cause is affirmed. All concur.