## STATE OF MISSOURI, Respondent, v. THOMAS HANEY, Appellant.

Springfield Court of Appeals, May 2, 1910; Motion for Rehearing Overruled, December 5, 1910.

1. CRIMINAL LAW: Violating Local Option Law: Information: Druggists. An indictment or information, charging the violation of a Local Option Law, or the sale of liquor without a license need not state the name of the person to whom the sale was made, or that it was made to some person or persons unknown; but the rule has been otherwise declared in cases where druggists have been charged with selling liquor without a prescription.

2. JURY: Selection by County Court: Assistance of Prosecuting Attorney: Criminal Law. While no improper motive may have actuated the prosecuting attorney in his assisting the county court in the selection of a jury panel, still common fairness and the constitutional guaranty of the right to trial by an impartial jury should clearly prohibit him from doing so.

3. ——: ——: ——: ——: Re-Summoning by Sheriff of Members on Discharged Panel. A panel of jurors had been discharged because the county court, in the selection of the panel, had been assisted by the prosecuting attorney, and subsequently in a criminal case the sheriff, having been ordered to summon another panel, selected sixteen men who had been on the discharged panel; but these jurors, on their *voir dire*, qualified to serve in every way, and no point was made that the sheriff was disqualified to act or failed to discharge his duty properly. *Held*, that his selection of the new jury from the discharged panel, was not reversible error.

Appeal from Wright Circuit Court.—*Hon. Alfred Page*, Special Judge.

AFFIRMED.

*Perry T. Allen, W. J. Boyd* and *F. M. Mansfield* for appellant.

(1) The motion to quash the indictment in the case should have been sustained. It is the fundamental

law of this state that the indictment or information should thoroughly appraise the defendant of the accusation he must prepare to meet and repel at the trial and should be so definite and certain that the trial had thereon, whether resulting in acquittal or conviction could be pleaded in bar of a further prosecution for the same offense. Bill of Rights, art. 2, sec. 22; State v. Nunley, 185 Mo. 111; State v. Fisher, 58 Mo. 257; State v. Martin, 44 Mo. App. 49. (2) The court committed reversible error in not sustaining the defendant's challenge for cause to certain of the petit jurors before whom said cause was tried. State v. Austin, 183 Mo. 478.

*A. M. Curtis* and *J. W. Jackson* for respondent.

NIXON, P. J.—This was a prosecution by indictment against Thomas Haney for unlawfully selling intoxicating liquor in violation of the Local Option Law of Wright county. A motion to quash the indictment was filed and overruled. A motion was thereupon filed to quash the regular panel of petit jurors which was heard by the court and overruled. Directly thereafter, the defendant offered to file another motion to quash the regular panel alleging (1) that the drawing or selection of said panel of jurors was by an unauthorized person, to-wit, the prosecuting attorney; (2) that the said panel of jurors was not selected or drawn by the county court in accordance with the statute; (3) that the said jury panel was not selected or drawn thirty days before the commencement of the court as provided by statute, but on the contrary was drawn and selected on February 4, 1909, and was not selected from each township in the county according to their relative population; and (4) that the jury panel was selected by an unauthorized officer, to-wit the prosecuting attorney of said county. The court refused to permit defendant to file said motion. On the

same day, however, the court, in another case pending for trial at said term, sustained a motion containing exactly the same grounds as that offered to be filed by defendant, the regular panel was discharged and the court ordered the sheriff to summon another panel of petit jurors which was done, and defendant was tried by the new panel. The sheriff had summoned sixteen men, however, who were members of the panel that was discharged. Defendant challenged those jurors for the reason that they had been selected by an unauthorized person, to-wit, the prosecuting attorney, "with a view of selecting jurors who would convict in whiskey cases, and were in attendance upon the court for jury service, and when the regular panel was quashed, were immediately resummoned to try this cause." This challenge was overruled and the trial proceeded. The jury returned a verdict of guilty and assessed defendant's punishment at a fine of three hundred dollars.

I. Appellant contends that his motion to quash the indictment should have been sustained for the reason that the indictment was fatally defective in omitting to state the name of the person to whom the sale was made. He argues that because of this omission, the indictment does not charge the crime in terms so definite as to enable him to plead an acquittal or conviction in bar of another prosecution for the same offense.

This objection was presented many years ago and it has been since uniformly held that an indictment for selling liquor without a license, as here, need not state the name of the person to whom the sale was made, or that it was made to some person or persons to the jurors unknown. [State v. Spain, 29 Mo. 415; State v. Ladd, 15 Mo. 430; State v. Fanning, 38 Mo. 359; State v. Jaques, 68 Mo. 260; State v. Houts, 36 Mo. App. 265; State v. Wingfield, 115 Mo. 428, 21 S. W. 1107; State v. Back, 99 Mo. App. 34, 72 S. W. 466.]

The rule has been otherwise declared in cases where druggists have been charged with selling liquor without a prescription, and for obvious reasons. When a druggist is indicted for the violation of that statute, he must rest his defense, if he has any, upon a prescription, and if the purchaser of the liquor be not named in the indictment, he could not well prepare for trial or make the necessary proof. The reason of the law is clear in such a case. It does not apply to a case like the present.

II. But it is seriously contended that appellants challenges to the sixteen jurors who were resummoned should have been sustained for the reason that the prosecuting attorney had assisted in selecting the original panel of which they had been members.

The motion to quash the panel not only alleged that the prosecuting attorney assisted in selecting the panel, but also that said panel was not selected or drawn thirty days before the term as provided by statute (which was a fact). Section 3769, Revised Statutes 1899, provides in no uncertain terms that the county court, at a term thereof not less than thirty days before the commencement of the circuit court, shall select names of jurors, etc. The original panel might well have been discharged for this reason.

There was evidence offered in support of the motion to quash the panel tending to show that the prosecuting attorney was present when the names of jurors were selected, and that he rendered some assistance; that the county clerk, deputy county clerk, and circuit clerk all made some suggestions as well as the prosecuting attorney, and a personal assessment book was used for getting names; that the court always approved the names suggested. The prosecuting attorney admitted that the county court asked him about a certain man whose name was suggested and he told them he was a good man, but said, "I don't know how he would

be on a whiskey case." The county court rejected the name. That is all the evidence which would tend to show unfairness on the part of the prosecuting attorney. It was shown that in previous years it had been the practice of the county court to call in the prosecuting attorney or the sheriff in the selection of the names; that the assessor's book was used and selections were made of the best men. That some one present, when a name was called, would say, "That is a good man" and the name would be accepted and written down.

From this evidence it does not appear that the prosecuting attorney or the members of the county court acted from improper motives or had anything in mind except the selection of good men for jury service. This subject has received an exhaustive examination in the case of State v. Austin, 183 Mo. 478, 82 S. W. 5, where it is clearly stated that while no improper motive may have actuated the prosecuting attorney in his participation in the selection of the panel, "still common fairness, and the constitutional guaranty of the right to trial by an impartial jury, should clearly prohibit him from doing so."

But the panel in this case to which objection was made was discharged and the sheriff was ordered to summon another panel from bystanders as provided by section 3770, Revised Statutes 1899. The sheriff, in doing so, selected sixteen men who had been summoned on the discharged panel. No bad faith is charged to the sheriff. The evidence of these jurors upon their *voir dire* discloses that they were qualified to serve in every way, and defendant's only objection to them was that they had been summoned on the original panel. The error in selecting the original panel only attached to the panel as such, and not to individual members. The error in the manner of selecting the original panel did not instill bad motives into the breast of any member thereof or render him personally incompetent. It was

the sheriff's duty to summon good and lawful men; and if the sheriff was in any way disqualified by prejudice or bias to properly summon the panel, appellant should have objected to him. No objection was made and it must be held that he fairly discharged his official duty. If the jurors were in any way personally unfit, they should have been challenged. [State v. Wiley, 109 Mo. l. c. 444, 19 S. W. 197.] While it would have been proper for the sheriff to summon jurors not selected on the first panel, we cannot pronounce his act reversible error.

The instructions of the court fairly embodied the law and appellant has had a fair trial and received the lowest punishment allowed by the statute. Finding no error, the judgment is affirmed. *Gray, J.,* concurs; *Cox, J.,* not sitting.