No. 19,284.

THE STATE OF KANSAS, *Appellee,* v. MARY V. KING,
*Appellant.*

### SYLLABUS BY THE COURT.

PERSISTENT VIOLATORS OF LIQUOR LAW—*Law Constitutional—
Procedure.* The decision in the case of *The State v. Adams,*
89 Kan. 674, 132 Pac. 171, relating to the constitutionality of
the act providing punishment for persistent violators of the
liquor law, and the decision in the case of *The State v.
Schmidt,* ante, p. 457, 140 Pac. 843, relating to the definite-
ness and certainty of informations drawn under that act,
approved and followed.

Appeal from Saline district court; DALLAS GROVER,
judge. Opinion filed June 6, 1914. Affirmed.

*David Ritchie, G. A. Spencer,* and *J. F. Corder,* all
of Salina, for the appellant.

*John S. Dawson,* attorney-general, and *L. W. Ham-
ner,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was charged and con-
victed as a persistent violator of the liquor law, and
was sentenced to imprisonment in the penitentiary at
hard labor for the period of one year. In this appeal
two questions are presented, the unconstitutionality of
the act providing punishment for persistent violators
of the liquor law, and the insufficiency of the informa-
tion because of indefiniteness and uncertainty. in
charging the offense. The first question was decided
adversely to the appellant's contention in the case of
*The State v. Adams,* 89 Kan. 674, 132 Pac. 171, and
the second was decided adversely to her contention in
the case of *The State v. Schmidt,* ante, p. 457, 140 Pac.
843.

It is said that the act involved does not meet the

requirements of section 16 of article 2 of the constitution, providing that no bill shall contain more than one subject, which shall be clearly expressed in its title. The title and section 1 of the act read as follows:

"AN ACT providing a punishment for persistent violators of the prohibitory liquor law.

"SECTION 1. Any person or persons who having once been duly convicted of the violations of the prohibitory liquor law and who shall thereafter directly or indirectly violate the provisions of the prohibitory liquor law shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the State Penitentiary at hard labor for not more than one year." (Laws 1911, ch. 165.)

The title embraces a single subject, which is clearly expressed. It does not relate to punishment alone, or generally, or in the abstract. It relates to punishment of a designated class of persons not previously discriminated in any statute, and the punishment of a designated class of persons is a single subject. Under this title the legislature could deal with both elements of the subject, the class of persons named and the punishment they were to receive, without multifariousness. Just as it could define the character and limit the quantity of punishment, so it could define and limit the class of persons, and when all this was done but one subject, accurately disclosed by the title, was treated.

Strictly speaking the act does not create a new felony. It merely provides a severer punishment for persistent offenders. But conceding that the purpose was to create a new offense, the legislature was not limited to any particular mode of expression in doing so. It was not obliged to adopt the common formula, "An act defining the crime of (persistent violation of the prohibitory law), and providing punishment therefor." It could employ whatever language it chose provided it observed the constitutional requirement of singleness

of subject in the body of the act and clearness of expression in the title. These requirements having been sufficiently observed, the act is valid.

The charging part of the information reads as follows:

"That on the 28th day of May, A. D., 1910, in said County of Saline and State of Kansas, one Mary V. King was convicted in said Court of keeping and maintaining a nuisance contrary to the provisions of the prohibitory liquor law of said state and that since the date of said conviction towit, on the 20th day of February, 1913, said Mary V. King did unlawfully sell and barter malt, vinous, fermented, spirituous and other intoxicating liquor within said county and state."

Under the statute two things are necessary to constitute a person a persistent violator; first, a conviction for violating the prohibitory law, and, second, subsequent violation of such law. A violation of the prohibitory law by means of a sale is always sufficiently charged by stating that on a specified date the defendant unlawfully sold intoxicating liquor within the county and state. It is not necessary to describe the kind of liquor sold or to name the person to whom the sale was made, or to describe the offense with more particularity in any other respect. The fact that such a violation of law is aggravated in punishment by a previous conviction, or becomes an element of a crime of a higher grade, does not affect in any way the method of pleading. Viewed in either aspect, violation of the liquor law is pleaded with definiteness and certainty by use of the form suggested, as in the present instance.

The other element of the felony charged—former conviction of a violation of the prohibitory law—was well pleaded, and consequently the information, as a whole, was not open to the objection made to it.

The judgment of the district court is affirmed.