## CARL WHITSON v. STATE.

No. A-7537.   Opinion Filed Oct. 11, 1930.
(292 Pac. 573.)

Blanton, Osborn & Curtis and Rice & Mitchell, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of McClain county on a charge of selling cigarettes without a license, and his punishment fixed at a fine of $100.

The defendant in his brief says:

"We think all the questions necessary to be discussed can be argued under the second and third assignments of error, as follows:

" 'Second: Because the court erred in overruling the motion of plaintiff in error to arrest said judgment and sentence.

" 'Third: Because the court erred in overruling the demurrer of plaintiff in error to the information in said cause.' "

The defendant was prosecuted under section 1975, C. O. S. 1921, which provides as follows:

"It shall be unlawful for any individual or corpo ration to sell, offer for sale, give away, barter or otherwise dispose of upon any pretext or advertisement or to bring into the state for purpose of selling, offering for sale, giving away, bartering or otherwise disposing of any cigarettes, cigarette papers or substitutes therefor, or to solicit the purchase or sale of any such cigarettes, or cigarette papers or substitute therefor, either in person or by sign, circular, letter, card, price list, advertisement, sign or notice, wherein such cigarette papers or substitutes therefor may be manufactured, sold, given away, bartered, found or otherwise disposed of without having first procured a license therefor, and the execution of a bond as hereinafter provided; a violation of any provision of this section shall constitute a misdemeanor and shall be punished by a fine of not less than one hundred dollars nor more than one thousand dollars, and by incarceration in the county jail for a period not exceeding one year; provided, that the provisions of this section shall not apply to jobbers and wholesalers of cigarettes and cigarette papers."

The charging part of the information reads as follows:

"That the said Carl Whitson, in McClain county, state of Oklahoma on or about the 26th day of January, 1929,

and prior thereto, did then and there knowingly, willfully and unlawfully, sell, offer for sale and give away cigarettes and cigarette papers from and out of the building now occupied by the Blanchard Athletic Association in the town of Blanchard, Okla., without having first procured a license therefor from the county clerk of McClain county, and having executed a good and sufficient bond as provided for in such cases," etc.

A demurrer was filed to this information and overruled. Defendant contends that the information is defective, first, because it is duplicitous. The charge is in the language of the statute and under numerous decisions of this court is sufficient.

Second, the defendant contends that the information is insufficient because it fails to allege the name of the person to whom the sale was made.

In 33 Corpus Juris, p. 599, § 225, the rule is stated:

"Where a system of granting licenses is provided for by statutes and all persons prohibited from selling intoxicating liquor without procuring a license, under penalty of prosecution and punishment, the obtaining of a license is an absolute prerequisite to the right to sell. No substitute for it will avail, and no excuse for a failure to obtain it will be heard, unless the offender can bring himself within an accepted or privileged class. And if the person prosecuted has no license at all, and therefore no authority to sell under any circumstances, it makes no difference that the sales made were also in violation of the Sunday law, and the quantity of liquor included in the sale is immaterial as is also the fact that the sale was made to a minor or other prohibited person."

In the case of State v. Haney, 151 Mo. App. 251, 132 S. W. 55, in the first paragraph of the syllabus that court said:

"An indictment against one other than a druggist for wrongfully selling liquor without a license need not

state the name of the person to whom the sale was made, or that the sale was made to a person or persons to the grand jury unknown."

In the case of State v. Williams, 11 S. D. 64, 75 N. W. 815, in paragraph 2 of the syllabus that court said:

"An indictment for illegally selling liquors, under Laws 1897, c. 72, need not state to whom the liquors were sold."

In the body of the opinion the court says:

"It is further contended that the information should have stated to whom the liquors were sold. But such a statement is not required in this class of cases. As before stated, it is the engaging in the business of selling that constitutes the offense.* * * In the case at bar, it is not material to whom particular sales were made. It is sufficient to allege and prove that the accused was engaged in the business of selling intoxicating liquors at retail without having procured a license therefor as provided by law, and proof that he was so engaged in the business of making sales at retail would sustain the charge."

In the case of City of Lincoln Center v. Linker, 5 Kan. App. 242, 47 Pac. 174, that court said in paragraph 1 of the syllabus:

"In a complaint charging the violation of a city ordinance by an unlawful sale of intoxicating or other liquors, it is not necessary to allege the name of the person or persons to whom such sale was made."

In the body of the opinion that court says:

"The special contention of counsel for the appellant is that the complaint is insufficient, because it fails to state to whom the unlawful sale was made. This, we think, was unnecessary. * * * 'The offense complained of worked no injury upon the individual rights of the person to whom the sale was made, and none was supposed

to have been violated; and hence the designation of such person by name is in no way material to constitute the offense," citing numerous authorities.

See, also, Langan v. People, 32 Colo. 414, 76 Pac. 1048; Trometer v. District of Columbia, 24 App. D. C. 242; Shuler v. State, 125 Ga. 778, 54 S. E. 689; State v. Schweiter, 27 Kan. 499; State v. Back, 99 Mo. App. 34, 72 S. W. 466; State v. Heibel, 116 Mo. App. 43, 90 S. W. 758; State v. McAnally, 105 Mo. App. 333, 79 S. W. 990; Id. (Mo. App.) 97 S. W. 1197; State v. Considine, 16 Wash. 358, 47 Pac. 755; State v. Schmidt, 92 Kan. 457, 140 Pac. 843; State v. King, 92 Kan. 669, 141 Pac. 247; State v. Burkhalter, 118 La. 657, 43 So. 268; State v. Joseph, 137 La. 52, 68 So. 211.

The rule is that where the sale is absolutely prohibited under any circumstances, the name of the person to whom the sale was made must be alleged in the information, if known, and if unknown that fact must be stated in the information. Fletcher v. State, 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; Moss v. State, 4 Okla Cr. 248, 111 Pac. 950; Kelley v. State, 31 Okla. Cr. 51, 236 Pac. 915.

The rule above stated has no application where sales may be legally made upon the obtaining of a license.

In the case at bar the defendant was charged with selling cigarettes without first having obtained a license. One of the provisions of section 1975, supra, is that before sales can be made a license must be procured and a bond given.

The allegation and proof of the state was that the defendant had not obtained a license entitling him to sell cigarettes and cigarette papers as required by section 1975, supra, and that he made sales of cigarettes in Mc-

Clain county without such license. This allegation in the information and proof supporting the same is sufficient to support the verdict of the jury.

The other errors complained of being without merit, the cause is affirmed.

DAVENPORT, J., concurs.

EDWARDS, P. J., absent and not participating.